1
2
3
4
5
6
7

8            IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   DENNIS O'NEAL PERRY,                    )   No. C 14-04320 HRL (PR)
                                            )
12            Plaintiff,                     )   **ORDER OF DISMISSAL WITH**
                                            )   **LEAVE TO AMEND**
13   v.                                      )
                                            )
14   JOHNSON, et. al.,                       )
                                            )
15            Defendants.                    )
16                                           )
17   _____        )

18       Plaintiff, a state prisoner proceeding <u>pro se</u>, filed a complaint against officials at

19   the North County Detention Facility ("NCDF") in Sonoma County pursuant to 42 U.S.C.

20   § 1983. Plaintiff's motion for leave to proceed <u>in forma pauperis</u> will be granted in a

21   separate order.

22

23                              **DISCUSSION**

24   **A.    Standard of Review**

25       A federal court must conduct a preliminary screening in any case in which a

26   prisoner seeks redress from a governmental entity or officer or employee of a

27   governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). In its review, the court must identify

28   any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

1    claim upon which relief may be granted or seek monetary relief from a defendant who is

2    immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be

3    liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

4    1988).

5         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

6    elements: (1) that a right secured by the Constitution or laws of the United States was

7    violated, and (2) that the alleged violation was committed by a person acting under the

8    color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

9    **B.    Plaintiff's Claims**

10        Plaintiff claims that during his arrest on April 8, 2014, he injured his left wrist.

11   (Compl. at 3.)  When he arrived at NCDF, he made several complaints about the pain in

12   his wrist. However, Defendant Dr. Ryan assured him that nothing was wrong with him.

13   (Id.)  Four hours later, he was given pain medication, which was continued for four days

14   after his arrest. (Id.)  On April 14, 2014, Plaintiff received a memo stating that an x-ray

15   showed no fracture. (Id.)  Another x-ray on April 24, 2014, indicated "no fracture."  A

16   couple of months later on June 24, 2014, Plaintiff received another x-ray which revealed a

17   small fracture in his wrist which was considered a "new fracture."  Plaintiff argues that he

18   did nothing to fracture his wrist during the interim, and implies that the Defendants'

19   failure to accurately diagnose the fracture sooner resulted in extreme pain and

20   mistreatment. (Id.)  At best, Plaintiff may be attempting to state a claim of deliberate

21   indifference to serious medical needs, but he fails to state specific factual allegations

22   against each named Defendant to state a cognizable claim.

23        In amending his complaint, Plaintiff is advised of the following.  Deliberate

24   indifference to serious medical needs violates the Eighth Amendment's proscription

25   against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976);

26   McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). A determination of "deliberate

27   indifference" involves an examination of two elements: the seriousness of the prisoner's

28   medical need and the nature of the defendant's response to that need. See McGuckin, 974

Order of Dismissal With Leave to Amend
P:\PRO-SE\HRL\CR.14\04320Perry_dwlta.wpd                2

1  F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition
2  could result in further significant injury or the "unnecessary and wanton infliction of
3  pain." McGuckin, 974 F.2d at 1059 (citing Estelle, 429 U.S. at 104). The existence of an
4  injury that a reasonable doctor or patient would find important and worthy of comment or
5  treatment; the presence of a medical condition that significantly affects an individual's
6  daily activities; or the existence of chronic and substantial pain are examples of
7  indications that a prisoner has a "serious" need for medical treatment. Id. at 1059-60
8  (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

9      A prison official is deliberately indifferent if he knows that a prisoner faces a
10  substantial risk of serious harm and disregards that risk by failing to take reasonable steps
11  to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). The prison official must not
12  only "be aware of facts from which the inference could be drawn that a substantial risk of
13  serious harm exists," but he "must also draw the inference." Id. In order for deliberate
14  indifference to be established, therefore, there must be a purposeful act or failure to act on
15  the part of the defendant and resulting harm. See McGuckin, 974 F.2d at 1060; Shapley
16  v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

17      Here, Plaintiff has failed to allege the two essential elements to state an Eighth
18  Amendment claim against each named Defendant. The only Defendant he mentions by
19  name is Defendant Dr. Ryan in the "statement of claim," and even there he fails to allege
20  facts indicating that she knew Plaintiff faced a substantail risk of serious harm and
21  disregarded that rusk by failing to state reasonable steps to abate it. Farmer, 511 U.S. at
22  837. Furthermore, he makes no specific allegations against named Defendants
23  "Grievance Officer (DGO) Johnson... Lieutenant House... Dr. Fadakis... P. A. Hatt... P. A.
24  Harford... [and] J. Anderson NP." (Compl. at 2.) He shall be granted leave to file an
25  amended complaint to attempt to state sufficient facts to support an Eighth Amendment
26  claim against each intended Defendant.

27  ///

28  ///

1

2

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The complaint is DISMISSED with leave to amend.  Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint.  The amended complaint must include the caption and civil case number used in this order, i.e., Case No. C 14-04320 HRL (PR), and the words "FIRST AMENDED COMPLAINT" on the first page.  Plaintiff must answer all the questions on the form in order for the action to proceed.

**Failure to respond in accordance with this order by filing an amended complaint will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

DATED:  _____3 |16|15_____

HOWARD R. LLOYD
United States Magistrate Judge

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

DENNIS O'NEAL PERRY,

      Plaintiff,

  v.

JOHNSON, et al.,

      Defendants.

                    /

Case Number: CV14-04320 HRL

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on ___3/10/2015___, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dennis O'Neal Perry 10103979
North County Detention Facility
2254 Ordinance Road
Santa Rosa, CA 95403

Dated: ___3/10/2015___

P. Cromwell, deputy

Richard W. Wieking, Clerk